# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 2:02-CR-8-1- JRG-RSP |
| | § | |
| SAM RICH | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On April 27, 2017, the undersigned held a final hearing on the Government's petition (#54) to revoke supervised release. The Government was represented by Assistant United States Attorney Allen Hurst. The Defendant, Sam Rich, was represented by Ken Hawk.

Samuel Dwaine Rich was sentenced on September 24, 2003, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Manufacture and Distribute Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of III, was 168 to 210 months. Samuel Dwaine Rich was subsequently sentenced to 170 months imprisonment and five years supervised release, subject to the standard conditions of release, plus special conditions to include drug testing and treatment, and financial disclosure. On September 17, 2013, Samuel Dwaine Rich completed his period of imprisonment and began service of the supervision term.

On December 4, 2015, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory:</u> The Defendant shall not commit another federal, state or local crime. Specifically, the Government alleges as follows: Mr. Rich was indicted on September 16, 2015,

in the Eastern District of Texas for Conspiracy to Possess with Intent to Distribute and Distribution of 500 Grams or More of a Mixture Containing Methamphetamine. The offense began in or about January, 2014, during the term of supervised release.

2) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: Mr. Rich submitted a urine sample on January 30, 2015, which tested positive for methamphetamine. He subsequently admitted to using the substance and signed an admission form. On June 1, 2015, Mr. Rich submitted a urine sample which tested positive for methamphetamine. The sample was confirmed to be positive by the national laboratory.

3) <u>Special</u>: The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the Government alleges as follows: On June 10, 2015, Mr. Rich was unsuccessfully discharged from substance abuse treatment due to multiple missed appointments and continued drug use. Mr. Rich failed to submit a urine sample as directed on July 24, 2015.

The Court scheduled a revocation hearing for April 27, 2017. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation No. 1 as set forth above. Based on the Defendant's plea of true to allegation No. 1, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S.

Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 30 months to run concurrent with 5:15cr18 with no supervised release to follow such term of imprisonment. Defendant shall receive credit for time served. The Court recommends service of sentence at Fort Leavenworth or Forrest City. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to allegation No. 1, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 30 months to run concurrent with 5:15cr18 with no supervised release to follow such term of imprisonment. Defendant shall receive credit for time served. The Court recommends service of sentence at Fort Leavenworth or Forrest City.

At the close of the April 27, 2017, revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 3rd day of May, 2017.**

 _____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE